Filed 1/14/16  P. v. Poe CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DAVID POE,<br><br>Defendant and Appellant. | F069089<br><br>(Super. Ct. No. DF11278A)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  Kenneth C. Twisselman II, Judge.

Barbara Michel, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Kathleen A. McKenna and William K. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

A jury convicted defendant David Poe of possession of a weapon, a knife, while confined in a penal institution (Pen. Code, § 4502, subd. (a)).[1]  In a bifurcated bench trial, the court found true enhancement allegations defendant had nine prior strikes within the meaning of the three strikes law (§§ 667, subds. (c)-(j), 1170.12, subds. (a)-(e)), and he served one prior prison term (§ 667.5, subd. (b)).  Defendant was sentenced to an indeterminate term of 25 years to life under the three strikes law, plus one year for a prior prison enhancement.

On appeal, defendant contends the trial court prejudicially erred in excluding committee notes within a California Department of Corrections and Rehabilitation (CDCR) 128G form as hearsay.  Defendant asserts the notes were admissible, even if they were hearsay, because they corroborated his claim he intended to use a knife he was in possession of for self-protection from an attack.  Defendant also asserts the court should have stricken one or more of his prior convictions because there are mitigating factors present in the instant case and he does not fall within the spirit of the three strikes law.  We disagree with these contentions and affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

### The Prosecution

On March 27, 2013, defendant, an inmate at Kern Valley State Prison, informed Sergeant Victor Yates he was concerned for his own safety because he had vouched for the drug debt of his former cellmate.  Defendant told Yates he needed to be removed from D yard, where he was housed, and he would stab somebody if he had to.  Defendant refused to provide any specific details regarding the drug debt.  Yates wrote a report detailing his interview with defendant and the report was presented to the prison's classification committee.  That same day, defendant was taken to administrative segregation.

---

[1]All undefined statutory references are to the Penal Code unless otherwise indicated.

On April 4, 2013, the committee held a hearing regarding defendant's complaint. Inmates must be forthcoming with specific details about their safety concerns so the committee can substantiate their claim and place them into another facility, away from individuals who may pose a credible threat to their safety. Defendant, again, refused to identify the individuals he claimed were threatening him.

On April 5, 2013, Correctional Officer Anthony Guerrero was working on the second floor of the prison in administrative segregation where defendant was temporarily housed. Guerrero told defendant to get ready because he was going to be moved back to Facility D. Defendant stated he could not go back and gave Guerrero a written note, which Guerrero gave to his superior, Correctional Sergeant Timothy Sheldon. The note stated the following:

> "Sergeant, being that I [am] locked up on D yard and [the] committee [is] sending me back, … knowing I cannot program on that yard. So I'm not going on no suicidal or none of that dumb shit. Easiest way for me is to give you a knife. I got it in my property in a black foamy pillow-like thing. It's Velcro on the bottom and opens up. I'd rather get this bullshit out of the way and go to the SHU. I don't need all the headaches and runarounds. Poe. Delta 51261. 208. 4/5/13."

Sheldon and Guerrero went to the property room where the property of inmates in administrative segregation is stored. Inside a black foam pillow in defendant's property, they found an object four inches long and one inch wide. The object was sharpened at one end with tape and string wrapped around the other end. Guerrero described the object as an inmate-manufactured weapon typically used for stabbing (a knife).

### The Defense

Defendant testified in his own defense at trial. He stated he has been in prison a long time and described it as an extremely dangerous place.

In 2013, defendant was housed with another inmate, David Moore. He testified Moore had a reputation as a "dope fiend," and he personally witnessed Moore inject himself with heroin on five or six occasions. Moore told defendant when he told his

dealers defendant was his cellmate, they agreed to sell Moore heroin, with the understanding defendant would vouch (cosign) for Moore's debt. A few weeks later, Moore "locked up." Defendant explained when an inmate locks up, he is prohibited from going back to the yard he was housed in because of drug debt, snitching, or gang issues.

On March 21, 2013, after Moore locked up, two inmates by the monikers of Belize and Booger Brim approached defendant in the yard. They informed defendant Moore owed them $400 for drugs and because defendant had vouched for Moore's drug debt, he would be responsible for payment. Defendant claimed he never vouched for the debt.

On March 23 or 24, 2013, Belize and Booger Brim told defendant if he did not pay the debt, they would physically harm him. As a result, defendant began sharpening metal stock he removed from a leg brace he wore.

On March 27, 2013, defendant claimed he told Yates he was concerned for his safety. Defendant told Yates someone used his name without his knowledge or permission to vouch for Moore's drug debts. Defendant did not give Yates the names of the inmates who threatened him because he did not want to be labeled a snitch.

***Defendant's Motion to Admit the CDCR Form 128G***

In response to defense counsel's subpoena, the CDCR produced a form 128G related to Moore, among various other documents.

The form included committee notes from two hearings—April 11, 2013, and May 17, 2013—held in response to Moore's housing issues. The notes state the following, in relevant part: "Committee notes that many of the subject's enemy situations are related to unpaid drug debts. Subject was admonished that accumulation of further enemy situations could eventually result in a complete lack of housing options, necessitating the placement into an indeterminate SHU [special housing unit]." An additional note stated, "Moore's safety concerns consisted of old drug debts incurred."

Defense counsel filed a motion to admit the forms as business records. At the hearing, counsel argued the committee notes were relevant as circumstantial evidence

4.

corroborating defendant's testimony Moore had drug debts. In addition to the business records exception (Evid. Code, § 1271), defense counsel argued the committee notes were also admissible as public records (*id.*, § 1280).

The prosecution argued the committee notes were unreliable hearsay because the notes did not indicate how the information was obtained and, therefore, lacked sufficient indicia of trustworthiness.

The court denied defendant's motion to admit the notes, explaining the typical and proper use of the business records exception as applied to prison records generally included commitment and sentence records. The court found the statements at issue were opinions and conclusions of committee members, and no evidence was presented showing the preparers of the notes had personal knowledge Moore had unpaid drug debts. The court further explained, under the public records exception, public records based on information obtained from private citizens are inadmissible because they are not sufficiently trustworthy. Unlike public employees, private citizens, such as Moore, have no duty to observe or report observations correctly to a public entity. Thus, the records were inadmissible under either the business records or public records exception.

### *Defendant's* **Romero** *Motion*

Following the jury's verdict finding defendant guilty, defense counsel moved to strike nine prior convictions under the three strikes law pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*). The court denied defendant's motion, finding no factors in mitigation and identifying several aggravating factors, including defendant's numerous prior convictions, his unsatisfactory performance while on parole, and a prior commitment to the California Youth Authority, as well as a prior prison term not used to enhance his sentence in the instant case.

**DISCUSSION**

**1.     The Committee's Notes in the CDCR Form 128G**

Defendant contends the court prejudicially erred when it refused to admit committee notes within a CDCR form 128G.  He asserts the notes should have been admitted, even if they were hearsay, because they corroborated his claim the knife was intended to be used for self-defense from an attack.  We disagree.

We review a trial court's ruling on the admissibility of evidence for abuse of discretion.  (*People v. Alvarez* (1996) 14 Cal.4th 155, 201; *People v. Hovarter* (2008) 44 Cal.4th 983, 1007-1008.)  Under this deferential standard, "'a trial court's ruling will not be disturbed, and reversal of the judgment is not required, unless the trial court exercised its discretion in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice.'"  (*People v. Hovarter*, *supra*, at p. 1004.)

As a preliminary matter, we conclude the committee notes were properly excluded as hearsay.  First, under the business records act, a writing must be "made at or near the time of the act, condition or event."  (Evid. Code, § 1271, subd. (b).)  However, a conclusion is not an act, condition, or event and "'"[w]hether [a] conclusion is based upon observation of an act, condition or event … can only be established by the examination of that party under oath."'"  (*People v. Reyes* (1974) 12 Cal.3d 486, 503.)

As the trial court explained, the only source of information the committee notes identified as proof that Moore had unpaid drug debts was Moore himself.  Therefore, the court properly concluded the committee notes contained the conclusions and opinions of committee members and did not qualify as business records.

Additionally, the notes also lack sufficient indicia of trustworthiness.  Where a record is not based upon the report of an informant having the business duty to observe and report, then the record is inadmissible under the business records exception.  (*MacLean v. City & County of San Francisco* (1957) 151 Cal.App.2d 133, 143.)  The notes about Moore's drug debts were based on statements by Moore himself, rather than

6.

the personal knowledge of committee members. Moore has no business duty to observe and report acts, conditions, or events.

The trial court also properly concluded the CDCR 128G form does not qualify as a record by a public employee (Evid. Code, § 1280). Under the public records exception, trustworthiness cannot be established where the source of information was not a public employee with a duty to either observe facts correctly or report observations accurately. (*People v. Baeske* (1976) 58 Cal.App.3d 775, 780-781.) Moore, the source of the information, was not a public employee and had no duty to observe facts correctly or report his observations accurately. Thus, the committee notes were inadmissible hearsay.

We also reject defendant's argument that exclusion of the committee notes as hearsay denied defendant the right to """"a meaningful opportunity to present a complete defense."""" (*Lunbery v. Hornbeak* (9th Cir. 2010) 605 F.3d 754, 760.) While the Supreme Court has recognized a mechanical application of the hearsay rule is inappropriate where a defendant would be deprived of his or her due process right to a fair trial, no such deprivation occurred here. (See, e.g., *Chambers v. Mississippi* (1973) 410 U.S. 284, 302-303 [hearsay testimony excluded by trial court bore sufficient assurances of trustworthiness and was so critical to defendant's defense that exclusion deprived him of a fair trial].)

As previously set forth, the committee notes did not contain sufficient assurances of trustworthiness. In addition, exclusion of the notes did not result in a deprivation of defendant's right to a fair trial. Self-defense is generally not a valid defense in a prosecution for possession of a weapon while confined in a penal institution (§ 4502, subd. (a)). (*People v. Velasquez* (1984) 158 Cal.App.3d 418, 420 [it is well-established a prisoner's possession of a weapon for self-defense from a future attack is not a valid defense].) A narrow exception may exist "where the prisoner was under imminent mortal attack, had no opportunity to seek protection of the authorities, and temporarily seized a prohibited weapon in order to save his life." (*Id.* at pp. 420-421.)

7.

Defendant does not argue he was under *imminent* attack when he disclosed the knife to prison authorities. In fact, the knife was concealed inside of property stored in another room, and there is no indication the individuals who posed a threat to defendant were in his immediate presence. As the Attorney General observed, defendant also had the opportunity to seek protection from prison authorities, confidentially, but he refused to identify the inmates who threatened him. We find no basis to conclude defendant was deprived of a meaningful opportunity to present a complete defense.

## 2.    **Defendant's *Romero* Motion**

Section 1385, subdivision (a) gives the trial court the discretion to strike an allegation that a defendant has previously been convicted of a felony if the dismissal is in the furtherance of justice. (*Romero*, *supra*, 13 Cal.4th at p. 508.) "The order striking such allegations … embodies the court's determination that, "'in the interest of justice' [the] defendant should not be required to undergo a statutorily increased penalty which would follow from judicial determination of [the alleged] fact.'" (*Ibid*.)

Under the three strikes law (§ 667), a sentencing scheme is "'applied in every case where the defendant has at least one qualifying strike'" unless the sentencing court finds an exception should be made. (*People v. Carmony* (2004) 33 Cal.4th 367, 377.) The unambiguous purpose of the law "is to provide greater punishment for recidivists." (*People v. Davis* (1997) 15 Cal.4th 1096, 1099.) Because striking a prior serious felony is an extraordinary exercise of discretion, such action is reserved for extraordinary circumstances. (*People v. Philpot* (2004) 122 Cal.App.4th 893, 907.)

In deciding whether to strike a prior conviction, the court must consider "whether, in light of the nature and circumstances of [the defendant's] present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been

convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

We review a trial court's decision not to dismiss a prior strike conviction under the deferential standard of abuse of discretion. (*People v. Carmony*, *supra*, 33 Cal.4th at p. 374.) We will not find abuse unless the trial court's decision was "so irrational or arbitrary that no reasonable person could agree with it." (*Id*. at p. 377.) When the record shows the trial court considered relevant factors and acted to achieve legitimate sentencing objectives, the court's decision will not be disturbed on appeal. (*People v. Myers* (1999) 69 Cal.App.4th 305, 310.)

Defendant has failed to establish the trial court's denial of his motion to strike was outside the bounds of reason under the facts and the law. We may not find an abuse of discretion unless the decision was so irrational or arbitrary that no reasonable person could agree with it, and here, the trial court's decision was within reason. (*People v. Carmony*, *supra*, 33 Cal.4th at p. 377.) The trial court considered relevant factors and acted to achieve legitimate sentencing objectives, and we agree with the court's conclusion defendant falls within the spirit of the three strikes law.

Defendant's probation report bears out an extensive criminal history with multiple convictions for serious and violent felonies. In 1973, appellant was adjudicated a ward of the court and placed on probation for petty theft (§§ 484, 488). In 1974, while on probation, he was convicted of rape (former § 261(2)). In 1976, after he reached the age of majority and while on parole, he was convicted of kidnapping (§ 207), forcible oral copulation in concert (§§ 288a, subd. (d)), sodomy (286, subd. (d)), and three acts of rape in concert (§ 264.1).

Defendant was granted parole in 1983. In 1985, he was convicted of possession of a controlled substance while in custody (§ 4573.6), vandalism (§ 594, subd. (a)), and battery (§ 242). In 1986, defendant was placed on probation following a conviction for petty theft (§ 488). That same year and while on probation, he was convicted of assault

with a deadly weapon (§ 245, subd. (a)(1)), battery (§ 242), and vandalism (§ 594, subd. (b)(3)).

In 1989, defendant was, again, granted parole. Forty-eight hours later, he committed numerous sex offenses resulting in convictions for three counts of forcible rape (former § 261(2), three strikes), two counts of rape in concert (§ 264.1, two strikes), two counts of forcible oral copulation (§ 288a, subd. (c), two strikes), two counts of sexual penetration with a foreign object on a minor (§ 289, subds. (a), (h), two strikes), two counts of oral copulation with a minor (§ 288a, subd. (b)(1)), and one count of false imprisonment (§ 236).

While we observe one mitigating circumstance present, defendant's acknowledgment of wrongdoing by relinquishing the knife (Cal. Rules of Court, rule 4.423(b)(3)), we find the existence of multiple aggravating circumstances. As the trial court explained, defendant has numerous prior convictions; he has served a prior commitment to the California Youth Authority and a prior prison term not used to enhance his sentence; and defendant violated his parole on multiple occasions. (Cal. Rules of Court, rule 4.421(b)(2), (b)(3), (b)(5)).[2]

We also find defendant's argument his nine prior strikes are so closely related they should be considered one strike is without merit. In *People v. Vargas* (2014) 59 Cal.4th 635, 645, the defendant was convicted of two different crimes, robbery and carjacking, based on the commission of the same act: forcibly taking the victim's car. Our Supreme Court held one of the defendant's two prior strike convictions should have been dismissed, because to treat the defendant as a third-strike offender would be "inconsistent with the intent underlying both the legislative and initiative versions of the Three Strikes law," which is greater punishment for recidivists. (*Ibid*.; see *People v. Davis*, *supra*, 15 Cal.4th at p. 1099.)

---

[2]We note the trial court declined to consider defendant's 2002 and 2009 prison rule violations for the possession of dangerous contraband and attempted murder.

The court here considered whether defendant's prior strike convictions resulted from the commission of a single act and determined they did not. On appeal, defendant does not explain the nature and circumstances of case No. SCR16036, where his prior strikes are derived from, or how his prior convictions, which are for a number of different offenses, resulted from a single act. It is the defendant's burden, as the party attacking the sentencing decision, to prove the trial court's decision was arbitrary or irrational. (*People v. Carmony*, *supra*, 33 Cal.4th at pp. 376-377.) Further, based on the nature of his prior strike convictions, we do not find this case analogous to *People v. Vargas*, *supra*, 59 Cal.4th 635, and therefore, reject defendant's argument.

A defendant will not be deemed to fall outside the spirit of the three strikes law absent extraordinary circumstances. (*People v. Carmony*, *supra*, 33 Cal.4th at p. 378.) Even considering all potentially mitigating factors, we find no such extraordinary circumstances present here. Defendant has a history of committing violent and serious offenses. Within days of his release on parole in 1989, he committed the offenses for which he is now serving an 83-year sentence. The trial court did not abuse its discretion in refusing to strike defendant's prior strike convictions.

## DISPOSITION

The judgment is affirmed.

_____
PEÑA, J.

WE CONCUR:


_____
POOCHIGIAN, Acting P.J.


_____
DETJEN, J.

11.